An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-60

Filed 15 July 2026

Pitt County, Nos. 23CR001728-730, 23CR248085-730

STATE OF NORTH CAROLINA

       v.

CANTRELL JOVANE FLOYD

Appeal by defendant from judgment entered 21 May 2024 by Judge Cy A. Grant Sr. in Pitt County Superior Court. Heard in the Court of Appeals on 10 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Cheryl Kaminski, for the State.*
>
> *Fox Rothschild LLP, by Margaret McCall Reece, for defendant.*

FREEMAN, Judge.

Defendant appeals from judgment entered upon a jury verdict finding him guilty of felony possession of cocaine. On appeal, defendant argues the trial court: (1) erred by denying defendant's motion to dismiss the charge of felony possession of cocaine and (2) plainly erred for failing to properly instruct the jury on whether

defendant knew the substance was cocaine. After careful review, we conclude that defendant received a fair trial free from error.

## I. Factual and Procedural Background

On 2 March 2023, a deputy of the Pitt County Sheriff's Department observed a car driving up a curb and onto the shoulder of the road, and going over the white fog and center yellow traffic lines. Subsequently, the deputy initiated a traffic stop. The deputy approached the car, and defendant identified himself. Defendant waited in his car while the deputy returned to his vehicle to confirm defendant's information. The deputy returned to defendant's car, asked defendant to step out of his vehicle, and placed defendant under arrest for an outstanding traffic-related order for arrest.

The deputy then searched defendant's pockets, retrieved defendant's wallet, and looked inside the wallet. The deputy discovered a small bag of white powdery substance and a red plastic straw containing white powdery residue. When the deputy asked defendant what the white substance was, defendant responded, "Oh no. That's just. You can test it right now."

On 10 July 2023, defendant was indicted for felony possession of cocaine and possession of drug paraphernalia. Later, defendant was indicted as a habitual felon and pleaded guilty to attaining habitual felon status.

Defendant's matter came on for trial on 20 May 2024. At trial, a forensic scientist testified as an expert witness that she had tested the white powder and red

straw found inside defendant's wallet for the presence of controlled substances. The forensic scientist testified that the tests were positive for the presence of cocaine.

At the end of the State's case in chief, defendant moved to dismiss the felony possession of cocaine charge, and the trial court denied the motion. Defendant did not testify or present any evidence. The trial court instructed the jury consistent with the North Carolina Pattern Jury Instruction 260.10:

> The defendant has been charged with possessing cocaine, a controlled substance.
>
> For you to find a defendant guilty of this offense, the state must prove beyond a reasonable doubt that the defendant knowingly possessed cocaine. Cocaine is a controlled substance.
>
> A person possesses cocaine when the person is aware of its presence, and has both the power and intent to control the disposition or use of that substance.
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date, the defendant knowingly possessed a controlled substance, it would be your duty to return a verdict of guilty.

Defendant did not object to the instruction.

The jury returned a guilty verdict for felonious possession of cocaine, and defendant was sentenced to a term of twenty to thirty-six months' imprisonment. On 24 May 2024, defendant filed written notice of appeal.

## II.    Jurisdiction

Because this Court has jurisdiction to review "any final judgment of a superior court, other than one based on a plea of guilty or nolo contendere," N.C.G.S. § 7A-

27(b)(1) (2025), and defendant's judgment is not based on a plea of guilty or nolo contendere, we have jurisdiction to review defendant's appeal.

### III.    Standard of Review

"[W]e review the denial of a motion to dismiss de novo." *State v. Crockett*, 368 N.C. 717, 720 (2016). We review unpreserved instructional issues for plain error. *State v. Lawrence*, 365 N.C. 506, 518 (2012).

### IV.    Discussion

Defendant contends the trial court: (1) erred by denying defendant's motion to dismiss the charge of felony possession of cocaine and (2) plainly erred for failing to properly instruct the jury on whether defendant knew the substance was cocaine. We address each argument in turn.

### A. Motion to Dismiss

Defendant first argues the trial court erred in denying his motion to dismiss the charge of felony possession of cocaine because the State failed to prove he "knew the substance he possessed was cocaine."

"In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Chekanow*, 370 N.C. 488, 492 (2018) (quoting *State v. Mann*, 355 N.C. 294, 301 (2002)). "Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *Crockett*, 368 N.C. at 720.

Evidence is "substantial if it is enough to 'persuade a rational juror' of the defendant's guilt" and "requires only that there be 'more than a scintilla of evidence.' " *State v. Bracey*, 388 N.C. 689, 692 (2025) (first quoting *State v. Blagg*, 377 N.C. 482, 488 (2021); and then quoting *State v. Winkler*, 368 N.C. 572, 574 (2015)). "Evidence must be viewed 'in the light most favorable to the State, giving the State the benefit of all reasonable inferences.' " *Id.* at 693 (quoting *State v. Barnes*, 334 N.C. 67, 75 (1993)); *see also State v. Miller*, 363 N.C. 96, 98 (2009) ("Any contradictions or conflicts in the evidence are resolved in favor of the State.").

Generally, felonious possession of a controlled substance requires (1) the substance to be possessed and (2) the substance to be knowingly possessed. *State v. Galaviz-Torres*, 368 N.C. 44, 48 (2015). Knowing possession requires both that the defendant knew he or she possessed the substance and knew that the substance was a controlled substance. *See State v. Boone*, 310 N.C. 284, 294 (1984), *superseded on other grounds by statute*, N.C.G.S. § 1A-1, Rule 58 (2011), *as recognized in*, *State v. Oates*, 366 N.C. 264, 267 (2012). However, "[k]nowledge that one possesses contraband is presumed by the act of possession unless the defendant denies knowledge of possession and contests knowledge as disputed fact." *State v. Coleman*, 227 N.C. App. 354, 358–59 (2013).

We have held that a defendant knowingly possessed cocaine where the defendant was observed by law enforcement with a plastic bag sticking out of his pants, and the defendant grabbed the bag, "tore it, threw it to the ground, and ran."

*State v. Burnette*, 158 N.C. App. 716, 720 (2003). Similarly, we have held that a jury could infer that a defendant knowingly possessed cocaine when—in addition to objects in the defendant's home containing traces of cocaine—the defendant took a package containing cocaine, placed it in his car, and moved it to another car. *State v. Baldwin*, 161 N.C. App. 382, 391 (2003).

Here, the evidence viewed in the light most favorable to the State is enough to persuade a rational juror of defendant's guilt. Inside defendant's wallet taken from his pocket, law enforcement found a small bag of white powder and a red plastic straw containing white powdery residue. Upon questioning, defendant denied the powder was cocaine and asked law enforcement to test it. This substance later tested positive for cocaine. Like *Baldwin* and *Burnette,* an inference of knowledge could be drawn from defendant's capability and intent to control because the substance was found in his wallet on his person. Accordingly, the trial court did not err in denying defendant's motion to dismiss the charge of felonious possession of cocaine.

**B. Jury Instruction**

Defendant next argues the trial court plainly erred by failing to properly instruct the jury on the "knowing" element of the felony possession of cocaine charge. Specifically, defendant contends that since he denied knowing the identity of the substance, the trial court was required to include additional language from the pattern jury instruction, which states: "If the defendant contends that *he* the defendant did not know the true identity of what the defendant possessed, add this

language to the first sentence: 'and the defendant knew that what the defendant possessed was (*name substance*).' " N.C.P.I. – Crim. 260.10., fn.2.

To preserve an instructional issue for appellate review, a party must timely object. *State v. Reber*, 386 N.C. 153, 157 (2024); N.C. R. App. P. 10(a)(2) (2025). We review unpreserved instructional issues for plain error. *Lawrence*, 365 N.C. at 518. In demonstrating plain error, the defendant bears the burden to show: (1) "a fundamental error occurred at trial," (2) "the error had a 'probable impact' on the outcome," and (3) "the error is an 'exceptional case' that warrants plain error review." *Reber*, 386 N.C. at 158 (citing *Lawrence*, 365 N.C. at 518–19). An error has a probable impact on the outcome when, "absent the error, the jury probably would have returned a different verdict." *Id.* An exceptional case that warrants plain error review demonstrates "that the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Knowing possession is an element of felonious possession of cocaine. *Burnette*, 158 N.C. App. at 720. Knowledge of the controlled substance's identity is presumed by the defendant's possession unless the defendant "contests knowledge as disputed fact." *Coleman*, 227 N.C. App. at 358–59. "[W]hen the defendant denies having knowledge of the controlled substance that he has been charged with possessing or transporting, the existence of the requisite guilty knowledge becomes 'a determinative issue of fact' about which the trial court must instruct the jury." *Galaviz-Torres*, 368 N.C. at 49 (quoting *Boone*, 310 N.C. at 294). However, a trial

court's failure to instruct the jury on guilty knowledge is not plainly erroneous if there is substantial evidence in the record that contradicts defendant's assertions that he lacked knowledge. *See id.* at 54.

Further, in *Coleman*, law enforcement officers conducted a search of the vehicle that the defendant was driving and found a box containing marijuana and heroin. 277 N.C. App. at 355. At trial, the prosecution admitted an audio recording of the defendant's interview in which the defendant repeatedly asserted that he believed the box contained marijuana and cocaine, not heroin. *Id.* The defendant did not testify at trial or otherwise admit any evidence. *Id.* This Court held that since the defendant's recorded statements to police were "substantive evidence" that he believed he possessed cocaine instead of heroin, the statements were sufficient to show that the "defendant did not know the true identity of what he possessed." *Id.* at 360.

Conversely, in *Galaviz-Torrez*, law enforcement officers searched a van that the defendant was driving and found three packages of cocaine inside of a gift bag located next to the driver's seat. 368 N.C. at 46. At trial, the defendant "claimed that he had borrowed the van that he was driving, that he did not know that the van contained cocaine, and that the cocaine seized from the van did not belong to him." *Id.* Our Supreme Court held that the defendant denying "any knowledge that he possessed any container or controlled substance at all," was insufficient to show that the defendant lacked knowledge of a substance's true identity to warrant the

additional knowledge instruction. *Id.* at 51–52.

Here, at trial, defendant did not testify or introduce substantive evidence that he lacked knowledge of the identity of the cocaine. Rather, the deputy testified that he asked defendant what the white powdery substance was, defendant denied that the substance was cocaine, and defendant stated, "Oh no. That's just. You can test it right now." Defendant never stated that he believed the substance was something else, nor did he express confusion as to the substance's contents. His statement, if anything, amounted to a mere denial, which our Supreme Court in *Galaviz-Torrez* held is insufficient to show the defendant's lack of knowledge. *Id.* at 51–52. Thus, these facts tend to show that defendant's statement was not "a contention that defendant did not know the true identity of what he possessed." *Coleman*, 227 N.C. App. at 360. Accordingly, the trial court did not err, let alone plainly err, in failing to include the additional knowledge instruction.

## V.  Conclusion

Accordingly, the trial court did not err in denying defendant's motion to dismiss the charge of felonious possession of cocaine. Further, the trial court did not plainly err by failing to instruct the jury on the "knowing" element of the charge of felonious possession of cocaine.

NO ERROR.

Judges DILLON and ZACHARY concur.

Report per Rule 30(e).